## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Clark Capital Management Group, Inc.,      :
         :
                 Plaintiff,    :
         : Civil Action No.:
             v.          :
         : JURY TRIAL DEMANDED
Pacific Life Insurance Company        :
         :
                 Defendant.    :

## COMPLAINT

Plaintiff, Clark Capital Management Group, Inc. ("Plaintiff" or "Clark Capital"), by and through its undersigned attorneys for its complaint against Pacific Life Insurance Company ("Pacific Life") alleges as follows:

## PARTIES

1.      Plaintiff, Clark Capital Management Group, Inc., is a Pennsylvania corporation with a place of business at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, PA 19103. Clark Capital is the owner of the intellectual property at issue in this case.

2.      Defendant, Pacific Life Insurance Company, is a Nebraska corporation, with a principal address of 700 Newport Center Drive, Newport Beach, California 92660.

## JURISDICTION AND VENUE

3.      This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4.     This Court may exercise personal jurisdiction over Pacific Life.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  Moreover, Pacific Life conducts business in Pennsylvania and in this judicial district.  As such, Pacific Life should reasonably expect that its activities might have consequences herein.  Moreover, Pennsylvania's long arm statute, 42 Pa. C.S.A. § 5322(a), confers personal jurisdiction over Pacific Life because Pacific Life's business activities within the Commonwealth of Pennsylvania and in this judicial district are directly and/or indirectly infringing upon Clark Capital's rights, and otherwise causing harm to Clark Capital.

5.     This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

6.     This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

7.     Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391.

## BACKGROUND AS TO PLAINTIFF'S
## BUSINESS AND ITS INTELLECTUAL PROPERTY

8.     Clark Capital is a registered investment advisor that offers a variety of financial services and products, including financial planning and investment advisory services, financial planning for retirement services, mutual fund services, on-line financial planning services, wealth management, asset allocation and investment consulting services.  Clark Capital also offers a variety of investment funds to its clients, which include individual high net worth investors, trusts, endowments, employee benefit plans, corporations, and municipalities.  Clark Capital's financial services and products are designed to provide its clients with investment

strategies to achieve an optimum mix or ratio of financial assets such as annuities, mutual funds, stocks, bonds, and cash holdings.

9.      Clark Capital has adopted and used its NAVIGATOR® mark for its financial services and products, including financial planning and investment advisory services, financial planning for retirement services, mutual fund services, on-line financial planning services, wealth management, asset allocation and investment consulting services. The NAVIGATOR® mark is also used by Clark Capital in the name of a series of NAVIGATOR® investment funds that Clark Capital offers to its clients.

10.     Clark Capital has sought to register and has registered its NAVIGATOR® mark.

11.     On October 29, 1991, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1,662,756 for NAVIGATOR for investment advisory services in the field of stocks and mutual funds. Clark Capital first used this mark as early as March 1987. Sections 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable. The registration has been renewed.

12.     On May 31, 2011, Clark Capital registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3,970,349 for NAVIGATOR for mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services; stock brokerage services. Clark Capital first used this mark at least as early as April 1, 2002. Sections 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable. The registration has been renewed.

13.     The above referenced registrations are in full force and effect.

14.     Clark Capital's NAVIGATOR® mark is strong.  It is inherently distinctive and represents the exceedingly valuable goodwill of Clark Capital.

15.     Clark Capital's NAVIGATOR® mark has become well known throughout the financial planning, wealth management, asset allocation, investment advisory and mutual funds fields.  Through its use of the NAVIGATOR® mark, Clark Capital has developed an excellent reputation for its services and products and has been recognized as a leader among boutique companies in the financial industry for these services and products.

16.     The market success of Clark Capital's financial and investment related services offered under the NAVIGATOR® mark has been extraordinary, and the relevant public has come to rely upon and recognize the Clark Capital's services and products by its NAVIGATOR® mark, and the mark has substantial goodwill associated with it.

17.     Clark Capital has vigorously defended its NAVIGATOR® mark against infringers and potential infringers.  Clark Capital has filed approximately thirty (30) Opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks.  Clark Capital has also filed suit in federal district court on approximately twenty (20) occasions in order to protect its NAVIGATOR® mark.

18.     Clark Capital has managed investments with different variable annuity and variable universal life programs.

19.     Clark Capital has notified Pacific Life of Clark Capital's NAVIGATOR® mark and requested that Pacific Life discontinue all use of the term NAVIGATOR in connection with financial and investment services and products.

## BACKGROUND AS TO DEFENDANT'S UNLAWFUL CONDUCT

20.     Pacific Life is using the PACIFIC NAVIGATOR designation in connection with financial and investment services, namely as the name of a variable annuity. *See* Exhibit A.

21.     On July 25, 2016, Pacific Life filed intent to use Trademark Application Serial No. 87/115,123 with the United Stated Patent and Trademark Office for the mark PACIFIC NAVIGATOR for "Insurance and financial services, namely, life insurance and annuity underwriting, insurance and annuity administration, financial management and brokerage services for all types of insurance; insurance claims administration and processing; insurance consultation; annuity services, namely, account and investment administration and the investment and distribution of annuities" (the "PACIFIC NAVIGATOR Trademark Application").

22.     The PACIFIC NAVIGATOR Trademark Application published in the Official Gazette on June 27, 2017.  Clark Capital filed a ninety-day request for extension of time on July 6, 2017, thereby granting Clark Capital until October 25, 2017 to file a Notice of Opposition against the PACIFIC NAVIGATOR Trademark Application.

23.     Clark Capital contacted Pacific Life on July 11, 2017 advising Pacific Life of Clark Capital's rights in and to its NAVIGATOR® marks.  Clark Capital advised Pacific Life of its concern that consumers are likely to confuse Pacific Life's use of PACIFIC NAVIGATOR with Clark Capital's use of its NAVIGATOR® marks.  Clark Capital requested that Pacific Life discontinue all use of PACIFIC NAVIGATOR and further requested that Pacific Life abandon its PACIFIC NAVIGATOR Application.

24.     On July 13, 2017, Pacific Life filed a Post-Publication Amendment to its PACIFIC NAVIGATOR Application adding the following language at the end of the

identification of services: "; all of the foregoing specifically excluding investment advisory and investment consultation services in the field of stocks, bonds, and mutual funds, and asset allocation services".

25.     On July 27, 2017, counsel to Pacific Life responded to Clark Capital's letter and advised of its position that there is no likelihood of confusion as between Pacific Life's use of the PACIFIC NAVIGATOR designation and Clark Capital's use of its NAVIGATOR® marks.

26.     On August 30, 2017, Clark Capital wrote to counsel to Pacific Life, maintaining its position that Pacific Life's use of PACIFIC NAVIGATOR is likely to cause confusion with Clark Capital's NAVIGATOR® mark and repeated its request that Pacific Life discontinue all use of PACIFIC NAVIGATOR and abandon the PACIFIC NAVIGATOR Application.

27.     On September 19, 2017, counsel to Pacific Life responded to Clark Capital repeating its position that there is no likelihood of confusion as between Pacific Life's use of the PACIFIC NAVIGATOR designation and Clark Capital's use of its NAVIGATOR® marks. Counsel to Pacific Life further advised that it considers this matter closed.

28.     On October 24, 2017, Clark Capital filed a Notice of Opposition against the PACIFIC NAVIGATOR Application with the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office.

29.     On October 26, 2017, Clark Capital filed a Request to Suspend the Opposition before the TTAB in light of this federal lawsuit.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

30.     Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

31.     Clark Capital's Registration No. 1,662,756 for NAVIGATOR evidences Clark Capital's exclusive right to use the NAVIGATOR® mark in connection with investment advisory services in the field of stocks and mutual funds. 15 U.S.C. § 1115.  This registration has acquired incontestable status.  Thus, the registration for this mark shall be conclusive evidence of the validity of the aforementioned services specified in the affidavits filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

32.     Clark Capital's Registration No. 3,970,349 for NAVIGATOR evidences Clark Capital's exclusive right to use the NAVIGATOR® mark in connection with mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services; stock brokerage services. 15 U.S.C. § 1115.  This registration has acquired incontestable status.  Thus, the registration for this mark shall be conclusive evidence of the validity of the aforementioned services specified in the affidavits filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

33.     Pacific Life is using the PACIFIC NAVIGATOR designation in connection with financial and investment services and products including in connection with a variable annuity.

34.     A variable annuity is a long-term investment designed for retirement.

35.     Pacific Life's use of the PACIFIC NAVIGATOR designation, which fully incorporates Clark Capital's pre-existing NAVIGATOR® mark, is confusingly similar thereto and infringes upon Clark Capital's NAVIGATOR® marks.  The marks create the same commercial impression and are confusingly similar.

36.     Clark Capital's and Pacific Life's respective financial and investment services and products are offered in the same channels of trade and are directed to the same or similar clients. Pacific Life's clients are individuals making financial planning and investment decisions. Similarly, many of Clark Capital's clients are individuals making financial planning and investment decisions.

37.     Pacific Life's use of the PACIFIC NAVIGATOR designation in connection with offering and providing financial and investment services and products, including a variable annuity that is a long-term investment designed for retirement, is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with Clark Capital's NAVIGATOR® marks for the services specified in the paragraphs above, in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-1118.

38.     This unauthorized use by Pacific Life constitutes infringement of Clark Capital's registered NAVIGATOR® marks, described above, in violation of 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of the public and of Clark Capital's NAVIGATOR® marks, business reputation, and goodwill.

39.     The activities of Pacific Life complained of herein constitute willful and intentional infringement of Clark Capital's federally registered NAVIGATOR® marks, in derogation of Clark Capital's rights in violation of 15 U.S.C. §§ 1114 and 1117.  Acts of

infringement commenced and have continued in spite of Pacific Life's knowledge that the use of Clark Capital's NAVIGATOR® mark was and is in contravention of Clark Capital's rights.

40.     Clark Capital has not given consent directly or indirectly to Pacific Life to use the PACIFIC NAVIGATOR designation, or any designations similar thereto.

41.     Pacific Life's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its marks and in its business, reputation, and goodwill.

42.     Clark Capital's damages from the aforesaid unlawful actions of Pacific Life, to the extent ascertainable, have not yet been determined.

43.     Clark Capital seeks attorney's fees and costs given the willful conduct of Pacific Life.

44.     Clark Capital seeks treble damages given the willful conduct of Pacific Life.

### COUNT II - FEDERAL UNFAIR COMPETITION

45.     Clark Capital repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

46.     Clark Capital's NAVIGATOR® marks are distinctive and have acquired secondary meaning and significance in the minds of the relevant public.

47.     After Clark Capital's adoption and use of its NAVIGATOR® marks in connection with its finance and investment services and products, including investment advisory services in the field of stocks and mutual funds, mutual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the

administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services; stock brokerage services, and with actual and constructive notice thereof, Pacific Life adopted and used the PACIFIC NAVIGATOR designation.

48.     Clark Capital has not given consent directly or indirectly to Pacific Life to use the PACIFIC NAVIGATOR designation, or any designation similar thereto

49.     Pacific Life's activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Clark Capital's reputation and goodwill.

50.     Pacific Life has unfairly competed with Clark Capital and Clark Capital's NAVIGATOR® marks in interstate commerce and in this district by various acts, including marketing, providing, offering for sale, and selling financial and investment services and products, including a variable annuity that is a long-term investments designed for retirement. This unauthorized use by Pacific Life constitutes unfair competition to the substantial and irreparable injury of the public and of Clark Capital's marks, business reputation, and goodwill. 15 U.S.C. § 1125.

51.     The activities of Pacific Life complained of herein constitute willful and intentional tort, in derogation of Clark Capital's rights.  Acts of unfair competition commenced and have continued in spite of Pacific Life's knowledge that the use of the PACIFIC NAVIGATOR designation was and is in contravention of Clark Capital's rights.

52.     Pacific Life's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its marks and in its business, reputation, and goodwill.

53.     Clark Capital's damages from the aforesaid unlawful actions of Pacific Life, to the extent ascertainable, have not yet been determined.

54.     Clark Capital seeks attorney's fees and costs given the willful conduct of Pacific Life.

55.     Clark Capital seeks treble damages given the willful conduct of Pacific Life.

## PRAYERS FOR RELIEF

1.     That the Court preliminary and permanently enjoin and restrain Pacific Life, any of Pacific Life's officers, directors, agents, employees and all persons in active concert or participation with Pacific Life who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(a)     infringing or contributing to the infringement;

(b)     engaging in any acts or activities directly or indirectly calculated to infringe Clark Capital's NAVIGATOR® marks;

(c)     using in selling, offering for sale, promoting, advertising, marketing or distributing of Pacific Life's products, advertisements or marketing materials that use the designation PACIFIC NAVIGATOR, or any mark similar thereto;

(d)     using any configuration or design that is confusingly similar to Clark Capital's NAVIGATOR® marks; and

(e)     otherwise competing unfairly with Clark Capital in any manner whatsoever.

2.      That the Court find that Pacific Life is infringing Clark Capital's NAVIGATOR®
marks and is competing unfairly with Clark Capital, and otherwise have been unjustly enriched.

3.      That the Court Order Pacific Life to deliver up to Clark Capital for destruction, at
Pacific Life's expense, catalogs, web site materials, literature, brochures, quotes, packaging,
signs, promotional materials, advertisements and other communications to the public in the
possession or under the control of Pacific Life, and any other material or any representations that
are or may contain designations similar to Clark Capital's NAVIGATOR® marks.

4.      That the Court Order Pacific Life to account for and pay to Clark Capital the
damages to which Clark Capital is entitled as a consequence of the infringement of Clark
Capital's NAVIGATOR® marks.

5.      That the Court Order Pacific Life to account for and to pay over to Clark Capital
all damages suffered by Clark Capital as a result of Pacific Life's unfair competition.

6.      That the Court enter an order placing reasonable but effective restrictions on the
future transactions and activities of Pacific Life so as to prevent fraud on the Court and so as to
ensure the capacity of Pacific Life to pay, and the prompt payment of, any judgment entered
against Pacific Life in this action.

7.      That the Court award Clark Capital its compensatory, incidental, and
consequential damages.

8.      That the Court award Clark Capital enhanced, treble, and/or punitive damages.

9.      That the Court award Clark Capital its reasonable attorney's fees and the costs of
this action.

10.     That the Court grant Clark Capital such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Clark Capital demands a trial by jury on all triable issues of fact.

Respectfully submitted,

Camille M. Miller
Melanie A. Miller
David M. Albert

Cozen O'Connor
One Liberty Place
1650 Market Street. Suite 2800
Philadelphia, PA 19103
(215) 665-2000
(215) 665-2273

Attorneys for Plaintiff
Dated:  October 26, 2017                    Clark Capital Management Group, Inc.

**Exhibit A**

 **PACIFIC LIFE**

PACIFIC
NAVIGATOR℠
Variable Annuity Fact Sheet

---

**Why a
Variable
Annuity**

A variable annuity, such as Pacific Navigator, is a long-term contract between you and a
helps you grow, protect, and manage retirement savings in a tax-advantaged way. It can

- **Grow retirement savings faster** through the power of tax deferral.
- **Manage your investment strategy** by transferring among a diverse selection c
  free of tax consequences.
- **Convert your assets** to guaranteed, lifetime retirement income.
- **Leave a financial legacy** through a guaranteed death benefit.

Talk with your financial advisor about the important role a Pacific Navigator variable an
of your retirement strategy. For more information, please refer to the prospectus.

Guarantees, including optional benefits, are subject to Pacific Life's financial strength and
do not protect the value of the variable investment options, which are subject to market risk
investment options will fluctuate so that shares, when redeemed, may be worth more or le

---

**The Pacific
Navigator
Advantage**

With a Pacific Navigator variable annuity, you can create a retirement strategy by work
advisor to:

- Address cost concerns with a longer investment time horizon.
- Increase flexibility with a four-year withdrawal charge option.
- Develop an investment allocation that fits your individual needs by diversifying amu
  investment options.
- Guarantee that you'll have retirement income that you cannot outlive through ann

In addition to the standard seven-year withdrawal charge period, there is a Four-Year V
Option that allows you to take withdrawals without a surrender charge after four yea
issue and cannot be changed. The fee for the option is an additional **0.45%** for each of t
ends when the four years have passed. With the four-year option, subsequent purchase
only during the first contract year.